UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIAN CASTRO PORTOCARRERO,

    Petitioner,

v.                                            CASE NO. 8:13-CV-2779-T-27MAP
                                            CRIM. CASE NO. 8:03-CR-30-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

BEFORE THE COURT is Petitioner's *pro se* "Sensitive Allegation against attorney R. Fletcher Peacock and the United States District Attorney Mr. Paul I. Perez, for constructive denial of due process and malicious prosecutorial misconduct" (CV Dkt. 1). Petitioner attacks his conviction and sentence on the grounds that his trial counsel rendered ineffective assistance, the prosecutor committed misconduct, there was insufficient evidence supporting the conviction, and his sentence was enhanced by facts that were not submitted to the jury.

Since Petitioner's motion is a collateral attack on his conviction, the proper avenue of relief is under 28 U.S.C. § 2255. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), Petitioner was notified that his motion would be re-characterized as a Section 2255 motion to vacate, and that a second or subsequent Section 2255 motion would be subject to the restrictions on second or successive motions (CR Dkt. 309). Consistent with *Castro*, Petitioner was afforded the opportunity to (1) withdraw his motion, (2) file an amended motion which includes all

Section 2255 claims he believes he has, or (3) have the motion construed as a Section 2255 motion as filed (Id.).

Petitioner was also notified that he should show cause, if he elected to have the motion re-characterized as a § 2255 motion to vacate, why his motion should not be denied as time-barred (Id.). Finally, Petitioner was instructed that if he failed to respond to the Order, his motion would be considered a Section 2255 motion and taken under advisement (Id.). Petitioner did not respond to the Order.

After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2013),[1] it is apparent that the motion is due to be summarily dismissed because it plainly appears from the motion and record of prior proceedings that the motion is time-barred. *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011).

## Procedural History

Following a jury trial, Petitioner was convicted of conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, and possession with the intent to distribute a mixture or substance containing a detectable amount of cocaine (CR Dkt. 137). He was sentenced to concurrent terms of 235 months imprisonment to be followed by concurrent terms of 5 years supervised release (CV Dkts. 166, 173). His conviction was affirmed on appeal on March 2, 2006 (CR Dkt. 255). The Supreme Court denied certiorari on October 10, 2006 (CR Dkt. 256).

---

[1] Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## Timeliness Analysis

Petitioner's conviction became final on October 10, 2006, when the Supreme Court denied his Petition for Certiorari. *Drury v. United States*, 507 F.3d 1295, 1297 (11th Cir. 2007), *cert. denied*, 555 U.S. 825 (2008). Generally, a Section 2255 motion must be filed within one year of when a criminal conviction becomes final. 28 U.S.C. § 2255(f). The instant motion was filed more than six years after Petitioner's conviction became final. Accordingly, absent an applicable exception to the one year limitation or a showing that the one year limitation period was triggered by a later date as specified in § 2255(f)(2)-(4), Petitioner's motion is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner does not argue that an impediment created by governmental action prevented him from filing a timely § 2255 motion, that he could not have discovered the facts supporting his claim through the exercise of due diligence, or that he is relying on a right newly recognized

by the Supreme Court and made retroactively applicable on collateral review. To the extent Petitioner implicitly argues that his § 2255 motion is timely under § 2255(f)(3) because the statute of limitations should run from the date *Alleyne v. United States*, 133 S. Ct. 2151 (2013) was decided because it creates a newly recognized right made retroactively applicable to cases on collateral review, the argument is without merit.[2] *Alleyne* is not retroactively applicable to cases on collateral review. *See, e.g., Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The [Supreme Court] Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review."); *Munguia v. United States*, 2013 U.S. Dist. LEXIS 134576, 2013 WL 5306192, at *17 (E.D. Tenn. Sept. 20, 2013) ("[T]he new rule announced in *Alleyne* is not retroactive and it cannot be applied retroactively to cases on collateral review under § 2255.") (citations omitted); *Clinton v. Young*, 2013 U.S. Dist. LEXIS 132290, 2013 WL 5233712, at *1 (W.D. La. Sept. 16, 2013) ("While it does not appear that the Fifth Circuit has, as of yet, ruled on this issue, the courts that have addressed it have all held that *Alleyne* is not retroactive.") (citing cases). Therefore, the § 2255 motion is not subject to a later statute of limitations based on § 2255(f)(3).

Neither does Section 2255(f)(4) extend the limitation period. A judicial decision does not constitute new factual information affecting a defendant's claim. *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the

---

[2] *Alleyne* held that facts that increase mandatory minimum sentences are elements of the offense and must be submitted to the jury and proven beyond a reasonable doubt. 133 S. Ct. at 2163-64.

limitations period.").

Finally, if Petitioner's motion could be construed to include a claim of actual innocence, he fares no better. Petitioner makes no showing of actual innocence. "Actual innocence," for these purposes, means "factual innocence," as opposed to mere legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012). A showing of actual innocence "requires the petitioner to produce new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008) (quotation omitted). "[T]o show actual innocence one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]." *Sawyer v. Whitley*, 112 S. Ct. 2514, 2517 (1992).

Rather than producing new evidence that he is factually innocent of the crime, Petitioner challenges the sufficiency of the evidence used to convict him (CV Dkt. 1 at pp. 3-4). In the context of a limitations discussion, this constitutes a claim of legal innocence as opposed to factual innocence.

## Conclusion

Petitioner's conviction became final more than one year before he filed his § 2255 motion. None of the statutory exceptions which extend the one year limitation period apply. And Petitioner makes no showing of equitable tolling[3] or actual innocence. The motion is therefore time-barred.

---

[3] The limitations period under § 2255(f) is subject to equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence").

Accordingly, it is **ORDERED** that Petitioner's construed motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred. The **Clerk** shall close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. And, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on _November 4th_, 2013.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner, *pro se*
　　　　Counsel of Record